UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LOUIS MANNA, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 13-0313 (RDM) |
| U.S. DEPARTMENT OF JUSTICE *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Louis Manna, proceeding *pro se*, filed this action against the Federal Bureau of Investigation ("FBI"), seeking injunctive relief under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff's complaint alleges that the FBI failed to respond to his FOIA request of May 1, 2012, in which he requested a copy of "the August 5, 1987 surveillance video" depicting activity "outside Casella's Restaurant." Compl., Dkt. 1, at 5; *see* Pl.'s Mem. Opp. Dismissal, or Alternative, Summ. J., Dkt. 18, Ex. A ("May 2012 Request"). On May 7, 2013, after the commencement of this action, the FBI provided Plaintiff with an unredacted copy of the requested surveillance videotape. Defendants now move to dismiss the case as moot, or in the alternative, for summary judgment. *See* Defs.' Mot. Dismiss, Alternatively, Summ. J., Dkt. 14. Plaintiff counters that the case is not moot because "the video was part and parcel of more expansive FOIA request [sic] that are still pending and unresolved." Pl.'s Mem. Opp. at 2.

For the reasons explained below, Defendants' motion is **GRANTED**.

## BACKGROUND

Plaintiff is serving an 80-year prison sentence for racketeering convictions entered in the U.S. District Court for the District of New Jersey. *See Manna v. U.S. Dep't of Justice*, 51 F.3d 1158, 1161 (3d Cir. 1995). It is undisputed that Plaintiff has submitted "numerous FOIA requests" over the years and that he has periodically received materials in response to those requests. *See* Compl. at 3; Declaration of David M. Hardy, Dkt. 14-2, ¶ 5; Pl.'s Statement of Undisputed Material Facts, Dkt. 18, at ¶ 4.

On May 1, 2012, Plaintiff submitted a request entitled "Concerning: Expedited Re-Release of August 5, 1987, Casella Restaurant Video, Pursuant to the FOIA/PA ACT." May 2012 Request, at 1. The request sought "a copy of the August 5, 1987 vid[e]o." *Id.* at 3. Plaintiff acknowledged that the FBI had previously provided him with the requested videotape, but explained that he needed a second copy because the previous copy was submitted as evidence in support of a post-conviction motion and was never returned to him. *Id.*; *see* Hardy Decl. ¶ 5 & Ex. A.

In August 2012, the FBI informed Plaintiff that a search of its Central Records System had located no responsive records. *See* Hardy Decl., Ex. C. Plaintiff appealed to the Department of Justice's Office of Information Policy, reiterating his desire "to obtain a copy of a previously released video surveillance tape relevant to my on going litigation." Compl., Ex. I at 1. The Office of Information Policy affirmed the FBI's no-records response in January 2013. *See* Hardy Decl., Exs. D & E. After this lawsuit was filed in March 2013, the FBI conducted another search, located the videotape, and released it to plaintiff in its entirety on May 7, 2013. *See* Hardy Decl., Ex. F.

**LEGAL STANDARD**

Under the FOIA, a court has jurisdiction "to enjoin [a federal] agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B); *see Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 139 (1980). "[O]nce all requested records are surrendered, federal courts have no further statutory function to perform." *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982); *see, e.g.*, *Boyd v. Criminal Div. of U.S. Dep't. of Justice*, 475 F.3d 381, 388 (D.C. Cir. 2007) ("[B]ecause the report was located in the work file and subsequently disclosed, the issue is moot for purposes of this FOIA action.").

"FOIA cases typically and appropriately are decided on motions for summary judgment," *ViroPharma Inc. v. U.S. Dep't of Health & Human Servs.*, 839 F. Supp. 2d 184, 189 (D.D.C. 2012), supported by nonconclusory agency affidavits or declarations, *see SafeCard Servs., Inc., v. S.E.C.*, 926 F.2d 1197, 1200 (D.C. Cir. 1991). An agency "is entitled to summary judgment if no material facts are in dispute and if it demonstrates 'that each document that falls within the class requested either has been produced . . . or is wholly exempt from the [FOIA's] inspection requirements.'" *Students Against Genocide v. U.S. Dep't of State*, 257 F.3d 828, 833 (D.C. Cir. 2001) (quoting *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978)). "To successfully challenge an agency's showing that it complied with the FOIA, the plaintiff must come forward with 'specific facts' demonstrating that there is a genuine issue with respect to whether the agency has improperly withheld extant agency records." *Span v. U.S. Dep't of Justice*, 696 F. Supp. 2d 113, 119 (D.D.C. 2010) (quoting *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989)).

## ANALYSIS

Plaintiff does not dispute that he received the surveillance videotape he requested in his May 2012 FOIA request. *See* Pl.'s Statement of Undisputed Material Facts, at ¶ 11. Because Plaintiff has obtained the relief sought in that request, this controversy is moot. *Crooker v. U. S. State Dep't*, 628 F.2d 9, 10 (D.C. Cir. 1980) ("Once the records are produced the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made."); *Heily v. U.S. Dep't of Defense*, 896 F. Supp. 2d 25, 37 (D.D.C. 2012) (dismissing FOIA claims as moot where the plaintiff received the requested materials while litigation was pending), *aff'd*, No. 13-5055, 2013 U.S. App. LEXIS 23175 (D.C. Cir. Oct. 16, 2013) (per curiam).

Plaintiff argues that the case is not moot because Defendants have not provided him with additional, unspecified materials relevant to his criminal conviction. His complaint refers to the "surveillance video *and all relevant material*," Compl. at 5 (emphasis added), and he contends that "the video was part and parcel of more expansive FOIA request [sic] that are still pending and unresolved," Pl.'s Opp. Mem. at 1-2. It is unclear if Plaintiff means that Defendants have failed to provide all the materials requested in his May 2012 request, or that Defendants have failed to respond to his other FOIA requests.

To the extent that Plaintiff contends that his May 2012 request sought materials in addition to the videotape, that is not a fair construction of the request. Although an agency "has a duty to construe a FOIA request liberally," *Nation Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 890 (D.C. Cir. 1995), "[a] FOIA request must 'reasonably describe' the records requested," *Landmark Legal Found. v. EPA*, 272 F. Supp. 2d 59, 64 (D.D.C. 2003) (quoting 5 U.S.C. § 552(a)(3)). "A request reasonably describes records if 'the agency is able to determine

precisely what records are being requested.'" *Kowalczyk v. Dep't of Justice*, 73 F.3d 386, 388 (D.C. Cir. 1996) (quoting *Yeager v. DEA*, 678 F.2d 315, 326 (D.C. Cir. 1982)). Agencies are not obligated to search "beyond 'the four corners of the request,' nor are they 'required to divine a requester's intent.'" *Am. Chemistry Council, Inc. v. U.S. Dep't of Health & Human Servs.*, 922 F. Supp. 2d 56, 62 (D.D.C. 2013) (quoting *Landmark Legal Found.*, 272 F. Supp. 2d at 64).

The surveillance video was the only material requested and "reasonably describe[d]" in Plaintiff's May 2012 FOIA request. *See* May 2012 Request at 1 ("Concerning: Expedited Re-Release of August 5, 1987, Casella Restaurant Video"); *id.* at 3 ("I am submitting this FOIA/PA request to you for a copy of the August 5, 1987 vid[e]o. . . . the specificity of the request should make a quick response from your office."). Likewise, Plaintiff's administrative appeal characterized his request as directed to the videotape. *See* Compl., Ex. I at 3 ("I request this appeal be granted and in doing so your agency promptly release a copy of the August 5, 1987 video requested."). In response, Plaintiff argues that the May 2012 request "cited pending FOIA request [sic] outstanding with the Agency." Pl's Opp. Mem. at 1. It did so, however, only in the course of describing the videotape, explaining the circumstances leading up to Plaintiff's request for another copy, and requesting expedited release. *See* May 2012 Request at 1-3; *id.* at 4 (explaining that materials relating to his earlier request for the videotape and subsequent proceedings in his sentencing court were "enclosed for [the agency's] review, *in order to expedite the August 5, 1987 [V]ideo Tape from outside Casella's Restaurant*.") (emphasis added). None of this background information expanded the scope of the May 2012 request beyond its express terms. *Cf. Miller v. Casey*, 730 F.2d 773, 777 (D.C. Cir. 1984)) ("The agency was bound to read [the request] as drafted, not as either agency officials or [the requester] might wish it was drafted."). Thus, to the extent that Plaintiff argues that Defendants erred in reading

5

his May 2012 request as limited to the videotape, that contention is not supported by the record, and Defendants are entitled to summary judgment.

To the extent Plaintiff argues that his other FOIA requests remain unaddressed, *see* Pl.'s Opp. Mem. at 1-2, his allegations are not properly before the Court. Although Plaintiff has made numerous FOIA requests over the years, his complaint only asserted claims based on the May 2012 request. *See* Compl. at 5 ("By means of a letter to the defendant FBI dated May 1, 2012, plaintiff requested under the FOIA the release of the August 5, 1987, surveillance video and all relevant material."). Plaintiff never moved to amend his complaint to add claims based on other requests, and he cannot expand the scope of this litigation by merely referring to other requests in his opposition to Defendants' motion. *Arbitraje Casa de Cambio, S.A. de C.V. v. U.S. Postal Serv.*, 297 F. Supp. 2d 165, 170 (D.D.C. 2003) ("It is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss.") (quoting *Coleman v. Pension Benefit Guar. Corp.*, 94 F. Supp. 2d 18, 24 n.8 (D.D.C. 2000)). The disposition of this case, which arises from the FBI's response to the May 2012 request, does not preclude Plaintiff from bringing another timely FOIA action, if appropriate, after exhausting his administrative remedies with respect to a separate FOIA request.

Finally, Plaintiff alleges that Defendants engaged in a pattern of bad faith by withholding requested materials and "destroy[ing] material still being sought through FOIA by Plaintiff." Pl's Opp. Mem. at 10. As discussed above, claims based on other FOIA requests were not included in Plaintiff's original complaint and are not properly before the Court.[1] The record

---

[1] Plaintiff argues that the Court should treat his surreply as a motion to amend his complaint to seek an order preserving certain undefined records. *See* Dkt. 22 at 6-7; *see also* Dkt. 27 at 1-2. In light of the fact that the FBI has not only preserved, but has produced, the sole record sought in the May 2012 FOIA request, the fact that Plaintiff has failed to identify with specificity any other records that the FBI has been asked to produce and that are at risk of destruction, and the

6

indicates that evidence from an FBI file thought to include a copy of the surveillance videotape had been destroyed. *See* Hardy Decl. ¶ 21. Plaintiff has already received copies of the videotape, however, and that is all that is currently before the Court.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss or for summary judgment is **GRANTED**, and the case will be dismissed.

An appropriate Order accompanies this Memorandum Opinion.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: May 13, 2015

---

fact that Plaintiff has not complied with the relevant procedural requirements, the Court declines to treat Plaintiff's surreply as a motion to amend.